Approved: _____  **ORIGINAL**
ELINOR L. TARLOW
Assistant United States Attorney

Before:  THE HONORABLE ROBERT W. LEHRBURGER
         United States Magistrate Judge
         Southern District of New York

**19MAG .3293**

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :   **COMPLAINT**
                                  :
         - v. -                   :   Violation of 21 U.S.C.
                                  :   § 846
LIBRADO IBANEZ FELIX,             :
                                  :   COUNTY OF OFFENSE:
               Defendant.         :   BRONX

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

MASON WILHITE, being duly sworn, deposes and says that he is a Special Agent with Homeland Security Investigations ("HSI"), and charges as follows:

COUNT ONE

1. In or about April 2019, in the Southern District of New York and elsewhere, LIBRADO IBANEZ FELIX, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that LIBRADO IBANEZ FELIX, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances that LIBRADO IBANEZ FELIX, the defendant, conspired to distribute and possess with intent to distribute were (a) one kilogram and more of mixtures and substances containing a detectable amount of heroin, and (b) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Special Agent with HSI. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, conversations with other law enforcement officers, and review of law enforcement records and reports, I have learned the following, in substance and in part:

    a. On or about March 29, 2019, New Mexico state police officers conducted a traffic stop of a tractor trailer that was hauling a 2006 Honda Ridgeline pickup truck (the "Subject Vehicle"). The driver of the trailer (the "Driver") provided verbal and written consent for law enforcement to search the trailer and the Subject Vehicle.

    b. Law enforcement then discovered a secret compartment located on the side of the Subject Vehicle's truck bed (the "Compartment") and found inside of the Compartment several bags containing what appeared to be narcotics. Those substances were later field tested, and approximately 10 kilograms tested positive for the presence of fentanyl and approximately 12 kilograms tested positive for the presence of heroin. Law enforcement replaced those substances with sham product and sprayed the bags with a substance that becomes apparent when examined under a black light.

    b. After the Driver was stopped by the New Mexico state police officers, on or about March 29, 2019, he informed them of the following, in substance and in part:

        i. The Driver is employed by an automobile transportation company (the "Transport Company") and was hired to transport the Subject Vehicle.

        ii. The Driver provided a receipt from the Transport Company indicating that the Subject Vehicle was being

2

transported to an individual named "Elton" who was located at "3030 Godwin Per." in the Bronx, New York.

        ii. The Driver agreed to cooperate with law enforcement officers and notify those officers when he arrived in the Bronx, New York and before he delivered the Subject Vehicle.

6. Based on my involvement in this investigation, including my participation in the surveillance of LIBRADO IBANEZ FELIX, the defendant, I have learned the following, in substance and in part:

    a. On or about April 2, 2019, at approximately 8:00 p.m., the Driver arrived in the Bronx, New York with the Subject Vehicle and met with law enforcement officers. A GPS monitoring and triggering device was then installed in the Compartment, pursuant to a judicially authorized search warrant, to track the movements of the Subject Vehicle and to notify law enforcement officers when the Compartment was opened.

    b. At approximately 9:06 p.m., the Driver brought the Subject Vehicle to a particular location in Yonkers, New York for delivery. A male, who was later determined to be FELIX, arrived to meet with the Driver and appeared to pay the Driver for the delivery of the Subject Vehicle.

    c. Shortly thereafter, an unidentified male ("UM-1") arrived with a tow truck onto which UM-1 loaded the Subject Vehicle. FELIX then entered the tow truck and UM-1 towed the Subject Vehicle to a location at Godwin Terrace in the Bronx, New York, where UM-1 then offloaded the Subject Vehicle.

    d. At approximately 9:46 p.m., FELIX drove the Subject Vehicle for several blocks and appeared to be conducting counter surveillance. At approximately 10:13 p.m., FELIX parked the Subject Vehicle outside of a particular building located at Kingsbridge Avenue in the Bronx, New York (the "Building").

    e. At approximately 10:50 p.m., law enforcement officers received a notification that the electronic device installed in the Compartment was triggered, observed FELIX reaching into the Compartment, and approached FELIX to place him under arrest. FELIX then ran from the law enforcement officers and, after being tackled, resisted his arrest by attempting to struggle with and bite those officers.

    f. At approximately 11:00 p.m., FELIX was placed under arrest. Law enforcement officers shined a black light on FELIX and determined that he was covered in the substance that had previously

been applied to the bags containing the narcotics. Law enforcement officers also conducted a search incident to FELIX's arrest and recovered a set of keys from his pocket.

g. FELIX informed the officers, in substance and in part, that the keys were for a particular apartment located in the Building (the "Apartment"), which belonged to him, and verbally consented to a law enforcement search of that apartment. FELIX further informed the officers, in substance and in part, that there were controlled substances in the kitchen of the Apartment. Law enforcement officers thereafter entered the Apartment and observed in plain view what appeared to be heroin and bundles of money, but did not conduct a search at that time. FELIX confirmed in a recorded statement, in substance and in part, that he had consented to a search of the Apartment and then requested a lawyer.

h. At approximately 1:07 a.m., after FELIX was advised of his *Miranda* rights and provided written consent for the search of the Apartment, law enforcement officers conducted a search during which they located, among other items, approximately two kilograms of suspected heroin and fentanyl, an undetermined amount of United States currency, eight cellphones, an iPad, and two notebook ledgers which appear to record money and narcotics transactions.

WHEREFORE, deponent respectfully requests that LIBRADO IBANEZ FELIX, the defendant, be imprisoned or bailed, as the case may be.

MASON WILHITE
Special Agent
Homeland Security Investigations

Sworn to before me this
April 3, 2019

THE HONORABLE ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4